UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WAYNE MORRIS,<br><br>Petitioner,<br><br>v.<br><br>SIERRA COUNTY CLERKS OFFICE, et al.,<br><br>Respondent. | No. 2:25-cv-2678 AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMNEDATION |

Petitioner is a state inmate proceeding without an attorney, who has filed a petition for writ of habeas corpus and an application to proceed in forma pauperis. ECF Nos. 1, 6. This matter is before the court for preliminary review under Rule 4 of the Rules Governing 2254 Cases.

I.  Screening Standard

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

1

Habeas relief is available if the prisoner's claim in the petition attacks the legality or duration of his confinement. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Habeas relief is not cognizable if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement." Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).

II.     Allegations in the Petition

Petitioner is in custody at California Health Care Facility. ECF No. 1 at 1. He alleges that the Sierra County Clerk's Office or the probation office submitted false information to Megan's Law, a government website, regarding charges petitioner was never charged with, tried for, or convicted of. Id. at 3. He further alleges that because of the slander published on the website, his family has severed ties with him, he has lost contact with two of his friends, and the stress has impacted his health. Id. at 4-5.

In various sections of the petition, petitioner states that he is not seeking to appeal his conviction or a sentence reduction through this writ. Id. at 4, 6. Instead, the sole focus of the writ is to address petitioner's defamation claims against Sierra County clerk's office and the probation office. Id.

III.    Discussion

Because the success of petitioner's defamation claim would not lead to petitioner's immediate or earlier release from confinement, the court finds the petition fails to state a cognizable habeas claim. To the extent petitioner seeks to bring a defamation claim against Sierra County Clerk's office and/or the probation office, he may seek to assert a "defamation plus" claim under § 1983, which "requires an allegation of injury to a plaintiff's reputation from defamation accompanied by an allegation of injury to a recognizable property or liberty interest," or under state tort law. Crowe, 608 F.3d at 442-44 (state law defamation and § 1983 defamation plus claims); Cal. Civ. Code §§ 44 (defamation), 45 (libel), 46 (slander).

In situations like these, the court considers whether to convert the habeas petition to a civil rights action. See Nettles, 830 F.3d at 936 ("a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). However, the petition is not amenable to conversion because it is unclear

whether petitioner is pursuing a defamation claim under state tort law and/or § 1983, and to the extent he is asserting defamation under § 1983, the petition lacks specific allegations against each respondent, stating what each respondent did or did not do that violated petitioner's *federal* rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights); Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional violation."); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (violations of state law cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right). Moreover, due to the Prison Litigation Reform Act ("PLRA") filing fee requirements,[1] its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he clearly expresses a desire to do so. See 28 U.S.C. § 1915 & 1915A; 42 U.S.C. § 1997e.

Accordingly, it is recommended that the habeas corpus petition be dismissed without prejudice to filing a state law tort and/or § 1983 action should petitioner choose to do so.[2]

IV.     Plain Language Summary for Not Represented Party

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your petition for writ of habeas corpus and finds that because your petition does not attack the legality or duration of your confinement, and seeks relief based on a claim of defamation, it cannot be brought in a habeas petition. It is therefore being recommended

---

[1] Prisoners proceeding in forma pauperis in § 1983 cases must pay the $350 filing fee, and any award against the prisoner, by way of periodic deductions from the prisoner's trust account, see 28 U.S.C. § 1915(b)(1), regardless of whether the action is ultimately dismissed. Bruce v. Samuels, 577 U.S. 82, 85-86 (2016).

[2] If petitioner elects to pursue *only* a state tort action for defamation, he must do so in state court. A complaint containing a federal constitutional claim under § 1983 may be filed in either state or federal court.

that your federal habeas petition be dismissed without prejudice to filing a federal civil rights action or a state tort action.

If you disagree with this recommendation, you have 14 days to file a written explanation why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review any objections and make the final decision.

V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERD that:

1. The Clerk of the Court shall assign a district judge to this case.
2. The motion to proceed in forma pauperis (ECF No. 6) is granted.

In addition, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be summarily dismissed without prejudice to re-filing as a § 1983 civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE